DHRB, LLC d/b/a DAIGO HAND ROLL BAR,

               Plaintiff,

    - *against* -

UNITED STATES SMALL BUSINESS
ADMINISTRATION;

Serve: Kelly Loeffler, Administrator
       U.S. Small Business Administration
       Office of the Administrator
       409 Third Street, S.W.
       Washington, D.C. 20416

       Todd Blanche
       Acting United States Attorney General
       U.S. Department of Justice
       950 Pennsylvania Ave., N.W.
       Washington, D.C. 20530

       Joseph Nocella, Jr.
       United States Attorney for the Eastern
       District of New York
       U.S. Attorney's Office
       271 Cadman Plaza E
       Brooklyn, NY 11201

-and-

KELLY LOEFFLER, in her official capacity as
Administrator of the United States Small Business
Administration
409 Third Street, S.W.
Washington, D.C. 20416

Serve: Kelly Loeffler, Administrator
       U.S. Small Business Administration

Case No. 1:26-cv-03210

Office of the Administrator
409 Third Street, S.W.
Washington, D.C. 20416

Todd Blanche
Acting United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Joseph Nocella, Jr.
United States Attorney for the Eastern
District of New York
U.S. Attorney's Office
271 Cadman Plaza E
Brooklyn, NY 11201

Defendants.

## AMENDED COMPLAINT FOR REVIEW OF AGENCY ACTION, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, DHRB, LLC d/b/a Daigo Hand Roll Bar ("Plaintiff" or "DHRB"), in the above-entitled action, by and through its undersigned counsel, hereby demands judgment against Defendants, United States Small Business Administration and Kelly Loeffler, in her official capacity as Administrator of the United States Small Business Administration, for reversal of an agency decision, declaratory and injunctive relief as set forth below, and as its Amended Complaint, alleges as states as follows:

## NATURE OF THE CASE

1.      This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, challenging Defendants' unlawful, arbitrary, capricious, and unreasonable determination to revoke and seek recovery of a

Restaurant Revitalization Fund ("RRF") grant of $661,597 lawfully awarded to and received by DHRB.

2. The American Rescue Plan Act of 2021 ("ARPA"), Pub. L. No. 117-2, § 5003, 135 Stat. 4 (March 11, 2021), established the Restaurant Revitalization Fund and appropriated $28.6 billion to the U.S. Small Business Administration ("SBA") to provide emergency relief grants to restaurants, bars, and similar food-service businesses that experienced revenue losses related to the COVID-19 pandemic.

3. DHRB, a restaurant operating in New York, applied for and received an RRF award of $661,597 on or about May 3, 2021, based on a proper calculation of its pandemic-related revenue losses utilizing gross receipts data from Square, a designated SBA Point-of-Sale ("POS") Restaurant Partner – the very methodology expressly authorized by the SBA's own Program Guide.

4. Nearly four and a half years after the award was made, on December 10, 2025, the SBA issued a letter demanding return of the entire $661,597, asserting that the award was incorrectly calculated because the gross receipts reported in DHRB's RRF application did not match the gross receipts reported on DHRB's 2019 and 2020 federal tax returns. The SBA's determination ignores its own Program Guide, improperly blends the gross receipts of two separate legal entities, relies exclusively on tax returns containing known and documented errors, and flatly contradicts the SBA's own authorized calculation methodology for applicants applying through SBA-designated POS Restaurant Partners.

5. The SBA's revocation determination is arbitrary, capricious, an abuse of discretion, and contrary to law within the meaning of 5 U.S.C. § 706(2)(A). Further, the SBA's determination is unsupported by substantial evidence. Additionally, the SBA lacks jurisdiction to recover funds

because it failed to conduct an audit or make a final audit determination within three years of DHRB's submission of its final RRF Post Award Report, in contravention of 2 C.F.R. §§ 200.334, 200.344, and 200.345.

6.     Plaintiff seeks a declaration that the SBA's determination to revoke DHRB's RRF award is unlawful and must be set aside, and an injunction enjoining Defendants from seeking to recover the RRF funds from DHRB.

## PARTIES, JURISDICTION & VENUE

7.     Plaintiff, DHRB is a New York limited liability company with its principal place of business in New York.  DHRB operates as a restaurant in New York and is 100% owned by David Moon ("Mr. Moon").  DHRB is, and at all relevant times was, an eligible entity under the Restaurant Revitalization Fund.

8.     Defendant, SBA is an independent agency of the United States Government with its principal office at 409 Third Street, S.W., Washington, D.C. 20416.  The SBA is responsible for the administration of the Restaurant Revitalization Fund.

9.     Defendant Kelly Loeffler is the Administrator of the United States Small Business Administration and is sued in her official capacity.  Administrator Loeffler oversees the SBA's operations, including the administration and enforcement of the RRF program.

10.     Defendant Todd Blanche is the Acting Attorney General of the United States and is named as a defendant pursuant to Fed. R. Civ. P. 4(i)(1) and 28 U.S.C. § 1391(e) for service of process upon the United States and its agencies.

11.     Defendant Joseph Nocella, Jr. is the United States Attorney for the Eastern District of New York and is named as a defendant pursuant to Fed. R. Civ. P. 4(i)(1) for service of process upon the United States.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action arises under the Administrative Procedure Act, 5 U.S.C. §§ 701-706; the American Rescue Plan Act of 2021, Pub. L. No. 117-2; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The United States has waived sovereign immunity for suits seeking non-monetary relief under the APA. 5 U.S.C. § 702.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because Plaintiff is domiciled and conducts business in this District, and a substantial part of the events and omissions giving rise to this action occurred in this District, including, but not limited to, DHRB's application for, and receipt of, the RRF award, as well as its operations and expenditure of RRF funds in this District.

14. The Court has authority to issue declaratory and injunctive relief under 5 U.S.C. §§ 702, 706, and 28 U.S.C. §§ 2201-2202.

15. The SBA's April 1, 2026 demand letter constitutes final agency action for purposes of judicial review under 5 U.S.C. § 704. The SBA has made clear that its determination "stands and will not be reconsidered," having refused to reconsider its position despite multiple written submissions from DHRB, including a comprehensive appeal letter dated March 13, 2026.

## FACTS COMMON TO ALL COUNTS

### A. The Restaurant Revitalization Fund Program

16. On March 11, 2021, the ARPA became public law (P.L. 117-2). Section 5003 of the ARPA established the Restaurant Revitalization Fund and appropriated $28.6 billion for SBA to award emergency relief grants to eligible food-service businesses that suffered revenue losses related to the COVID-19 pandemic.

17. The SBA published the Restaurant Revitalization Funding Program – Program Guide as of April 28, 2021 (the "Program Guide"), which set forth the eligibility requirements, calculation methodologies, and documentation requirements applicable to RRF applicants.

18. The Program Guide expressly authorizes three separate calculation methodologies for determining an applicant's RRF award, based on when the applicant began operations:

(a) Calculation Method #1 (Table 1): For businesses in operation prior to or on January 1, 2019 – the RRF award equals 2019 gross receipts minus 2020 gross receipts minus PPP loans received. Under Method #1, for Step 2, an applicant applying "through a designated SBA point-of-sale restaurant partner" may use "the gross receipts that are recorded with the point-of-sale partner." Program Guide, p. 7.

(b) Calculation Method #2 (Table 2): For businesses that began operations partially through 2019 – annualizes 2019 gross receipts then subtracts 2020 gross receipts and PPP loans. Program Guide, p. 8.

(c) Calculation Method #3 (Table 3): For businesses that began operations on or between January 1, 2020 and March 10, 2021 – the RRF award equals eligible expenses incurred between February 15, 2020 and March 11, 2021, minus gross receipts for the same period, minus PPP loans. Program Guide, p. 8-9.

19. The Program Guide further expressly provides that "[a]pplicants that operate multiple locations may calculate funding amounts for their locations using separate Calculation methods and then aggregate the amounts together." Program Guide, p. 9. By way of illustration, the Program Guide states: "An Applicant owns a restaurant that has been open since 2015 and another restaurant that has been open since 2020. The Applicant may use Calculation 1 (Table 1) for the first restaurant and Calculation 3 (Table 3) for the second restaurant." Program Guide, p. 9.

20. The Program Guide explicitly identifies acceptable documentation for demonstrating gross receipts, including: Business tax returns; bank statements; externally or internally prepared financial statements such as income statements or profit and loss statements;

and point of sale report(s), including IRS Form 1099-K. Program Guide, p. 16-17. Tax returns are one permissible form of documentation – not the exclusive or mandatory form.

21. The Program Guide defines an "Affiliated Business" or "affiliate" as "a business in which an eligible entity has an equity interest or right to profit distributions of not less than 50 percent, or in which an eligible entity has the contractual authority to control the direction of the business, provided that such affiliation shall be determined as of any arrangements or agreements in existence as of March 13, 2020." Program Guide, Appendix, p. 19 (emphasis added).

22. On April 22, 2021, the SBA announced an initiative under which designated POS service providers – including Clover, NCR Corporation, Square, and Toast – would serve as SBA Restaurant Partners and assist eligible applicants with calculating, validating, and submitting RRF applications. The SBA affirmatively encouraged applicants using these partners to apply through the customized POS partner process.

### B. DHRB's RRF Application and Award

23. DHRB is a sushi restaurant that has been in operation prior to January 1, 2019. DHRB is a single-location restaurant operated by Mr. Moon.

24. DSRB LLC d/b/a Daigo Sushi Roll Bar ("DSRB") is a separate entity, that possesses a unique and separate Employer Identification Number ("EIN"), that began operations at a separate location in April 2020. DSRB is a distinct legal entity from DHRB.

25. Crucially, DSRB did not begin operations or enter into any arrangements or agreements until after March 13, 2020 – and therefore cannot constitute an "affiliate" of DHRB under the Program Guide's own definition, which requires that affiliations be determined as of agreements or arrangements in existence as of March 13, 2020.

26. DSRB's Operating Agreement, which agreement was not executed until March 28, 2020, identifies Mr. Moon as the sole member of DSRB at that time.

27. On or about May 3, 2021, DHRB applied for an RRF award through Square, a designated SBA POS Restaurant Partner. In accordance with the SBA's Program Guide and the specific methodology authorized for POS Restaurant Partner applicants, DHRB used its Square POS data to report its gross receipts.

28. Pursuant to Calculation Method #1 (the applicable method for businesses operating prior to January 1, 2019), DHRB calculated its RRF award as follows:

| | |
|---|---|
| Step 1: 2019 Gross Receipts (Square POS): | $1,165,019 |
| Step 2: 2020 Gross Receipts (Square POS): | $344,620 |
| Step 3: PPP Loans Received: | $158,802 |
| Total Deductions (Step 2 + Step 3): | $503,422 |
| RRF Award Amount (Step 1 minus Total Deductions): | $661,597 |

29. The SBA approved DHRB's application and disbursed the RRF award of $661,597 (Confirmation ID: acea00142360; SBA Loan Number: 7909578905).

30. DHRB used the RRF award funds on eligible expenses during the covered period, including payroll costs, rent/mortgage, utilities, food and beverage expenses, and other authorized categories.

31. DHRB used all of its RRF award funds on DHRB. None of the RRF funds were used in connection with DSRB's operations.

32. DHRB duly submitted its Post Award Report certifying its use of all award funds on eligible expenses. The Post Award Report was filed on December 31, 2021.

### C. Discrepancy Between POS Data and Tax Returns

33.     There are two distinct and documented reasons why DHRB's gross receipts as reported in its Square POS data differ from those reflected in its filed tax returns:

(a) 2019 Tax Return Error: The 2019 federal tax return filed by DHRB understated gross receipts by approximately $174,280. This understatement resulted from: (i) approximately $36,000 in sales posted net of Square credit card fees, which should have been reported gross; and (ii) approximately $135,000 incorrectly adjusted out of gross receipts as a result of an accounting error in reconciling "due from credit card" entries in DHRB's general ledger. The correct 2019 gross receipts for DHRB – consistent with its Square POS reports – should have been $1,165,019.

(b) 2020 Tax Return Conflation: The 2020 federal tax return filed under DHRB's EIN reports total gross receipts of $878,444. However, this figure includes revenues from both DHRB and DSRB. As documented in the Profit and Loss Statement prepared by DHRB's tax accountant, PragerMetis, DHRB's own 2020 gross receipts were only $342,680 (compared to DHRB's Square POS-reported gross receipts of $344,620 used in the application). The 2020 tax return figure of $878,444 encompasses the revenues of two separate legal entities at two separate locations.

34.     The RRF award amount of $661,597 which was applied for and received by DHRB was appropriately calculated utilizing gross receipts reported within the Square Point of Sale ('POS') system.

35.     Only DHRB applied for funding.  DSRB, a separate entity with a unique EIN that began operations at a separate location in April 2020, did not apply for funding.

### D. The SBA's Revocation Determination and Correspondence

36.     On December 10, 2025, the SBA issued a letter to DHRB (the "December 2025 Letter") stating that "there was an issue with your Award that requires a return of funds" and demanding return of the full $661,597 award.

37.     The December 2025 Letter claimed that the RRF award was incorrectly calculated because the gross receipts reported in DHRB's application did not match those on the 2019/2020 tax returns, stating: "Your application stated 2019 gross receipts = $1,165,019.13, IRS verification = $990,739.00. Your application stated 2020 gross receipts = $344,620.13, IRS verification = $878,444.00. After deduction of PPP and PPS, a negative amount resulted."

### E. The SBA's Erroneous Conclusions

38. On December 12, 2025, DHRB responded to the SBA's December 2025 Letter, providing additional information and documentation explaining the discrepancies between the application figures and the tax returns.

39. On January 9, 2026, the SBA responded, confirming that it was using tax return figures exclusively to recalculate the RRF award, arriving at an award amount of negative $48,878.

40. On January 9, 2026, DHRB again responded to the SBA, requesting the opportunity to explain the tax returns in further detail. On January 29, 2026, the SBA responded and asked: "What other tax returns would need to be taken into consideration?"

41. On February 6, 2026, DHRB sent a detailed letter to the SBA explaining the proper calculation methodology for the RRF award and documenting the discrepancies in the tax returns.

42. On February 18, 2026, the SBA responded, maintaining its position that "[w]hen more than one business is included under an EIN that applied for the RRF Award, the full amount of gross receipts for the EIN must be used in the calculation" and that "[a]wards are very simply calculated as follows: 2019 gross receipts from tax return – 2020 gross receipts from tax return – PPP loans received = Award Amount."  The SBA concluded: "SBA decision stands and will not be reconsidered."

43. On March 13, 2026, DHRB submitted a comprehensive written appeal (the "Appeal Letter") to the SBA at RRFAwardRecoveryReconsideration@sba.gov, extensive financial documentation, and detailed legal argument demonstrating that the SBA's calculation methodology was erroneous and contradicted the SBA's own Program Guide.

44. On March 31, 2026, the SBA responded as follows: "The reference in the program guide to allows for applicants to apply for multiple locations that opened during different time

periods and aggregate the calculation methods into a total award. It does not however, allow applicants to exclude a location, or only apply for one location of many under a single EIN. I believe that is what the applicant is stating happened."

45. The SBA's conclusions were erroneous in multiple respects.

46. As a threshold matter, the SBA ignored its own Program Guide's authorized calculation procedures. The Program Guide permits applicants applying through SBA-designated POS Restaurant Partners to use POS data for gross receipts. Program Guide, p. 7. DHRB applied through Square, an SBA-designated POS Restaurant Partner. In contradiction of its own guidance, the SBA nevertheless demanded that only tax return figures be used, and declared that awards "are very simply calculated as follows: 2019 gross receipts from tax return – 2020 gross receipts from tax return – PPP loans received = Award Amount." This characterization is directly contradicted by the Program Guide, which provides multiple documentation options and expressly authorizes the use of POS data.

47. The SBA failed to account for tax return errors that were explained by DHRB. DHRB explained that the 2019 tax return underreported gross receipts by approximately $174,280 due to accounting errors, and that the POS-reported gross receipts of $1,165,019 accurately reflect DHRB's actual 2019 revenues. The SBA rejected the explanation, and DHRB's supporting documentation, without basis.

48. The SBA improperly conflated the revenues of two separate entities, DHRB and DSRB. In reaching its erroneous conclusion, the SBA relied upon gross receipts of $878,444 reported on DHRB's 2020 tax return, despite the fact that this figure included revenues attributable to DSRB, a separate entity with a separate EIN. DSRB did not apply for RRF funding, DHRB's RRF award was not used for DSRB's expenses, DSRB did not commence operations until April

2020, DSRB did not have an operating agreement until March 28, 2020, after the March 13, 2020 affiliation determination date established by the Program Guide. Because the Program Guide defines affiliation based upon relationships and arrangements existing as of March 13, 2020, DSRB's post-March 13, 2020 revenues cannot properly be attributed to DHRB for purposes of calculating the RRF award.

49. Even assuming arguendo that DSRB could properly be considered in connection with DHRB's RRF award calculation under the Program Guide, the SBA nevertheless failed to apply the Multi-Location Calculation Methodology expressly set forth in the Program Guide. Specifically, the Program Guide provides that applicants operating multiple locations may calculate award amounts on a location-by-location basis and thereafter aggregate those calculations. Program Guide at 9. The SBA disregarded this required framework, notwithstanding that DHRB and DSRB operated as separate restaurant locations. Had the SBA applied the Multi-Location Calculation Methodology, DSRB's revenues would not have reduced DHRB's RRF award. DSRB had expenses exceeding revenues from April 2020 through December 31, 2020.

50. DHRB advised the SBA of its errors through DHRB's submissions, but the SBA would not relent or listen to reason.

51. The SBA made clear that its determination "stands and will not be reconsidered."

52. Aside from demonstrating a disregard for its own Program Guide, the SBA's determination reflects a broader loss of focus on both the purpose of the RRF program and the role of the audit process itself. The RRF was established to provide critical relief to restaurant owners during one of the most uncertain economic periods in modern history – a once-in-a-century global pandemic. The audit process should not be transformed into a punitive mechanism against

restaurant owners who, acting in good faith and to the best of their abilities, sought relief based upon reasonable interpretations of the Program Guide.

**F. The SBA Issues a Demand Letter After Refusing to Reconsider.**

53. On April 1, 2026, the SBA issued a letter demanding payment under the RRF Grant Number, asserting that DHRB owed a debt that is "seriously delinquent," and asserting that it would refer the debt to the Department of Treasury for collection if payment is not made within sixty (60) days, or May 31, 2026. Confusingly, the demand letter lists $0.00 as due and owing.

54. To make matters more confusing, on May 14, 2026, the SBA informed DHRB but that its April 1, 2026 demand was an "incorrect paper mailing" that was "was sent in error and should be disregarded."

55. The SBA advised that it would send a "correct version of the invoice and notice," and such "new notice will be valid and a response is required to prevent referral to Treasury."

56. To date, the SBA has not sent any "new notice."

*E. The SBA's Failure to Make a Timely Audit Determination*

57. DHRB submitted its final RRF Post Award Report (SBA Form 3173) by December 31, 2021, certifying that it had fully expended all RRF award funds on eligible expenses within the covered period.

58. Federal regulations governing the administration of federal awards establish a three-year record retention and audit resolution period. 2 C.F.R. § 200.334 requires recipients to retain records for "three years from the date of submission of their final expenditure report." 2 C.F.R. § 200.344 provides that federal agencies must close out awards promptly after the recipient submits the final report, and 2 C.F.R. § 200.345 establishes that the SBA must "notify the recipient or subrecipient within the record retention period" of any determinations to "disallow costs."

59.     More than three years elapsed between DHRB's submission of its final Post Award Report in December 2021 and the SBA's December 10, 2025 demand for return of funds. The SBA's determination – issued outside the applicable three-year audit period – is untimely and deprives the SBA of jurisdiction to revoke or recover the RRF award.

60.     The SBA's failure to timely conduct an audit or reach a final determination bars the SBA from now seeking recovery of the award, in contravention of 2 C.F.R. §§ 200.334, 200.344, and 200.345.

## CAUSES OF ACTION

61.     The courts recognize a strong presumption in favor of judicial review of administrative action. Abbott Labs. v. Gardner, 387 U.S. 136, 141 (1967).

62.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

63.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

64.     The APA provides that courts shall "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (E).

65.     The SBA is an "agency" within the meaning of the APA, 5 U.S.C. § 701(b)(1), and its final actions are reviewable under the APA.

## COUNT I

## ARBITRARY AND CAPRICIOUS AGENCY ACTION (5 U.S.C. § 706(2)(A))

66.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

67.     The APA requires courts to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Agency action is arbitrary and capricious when the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

68.     The SBA's determination to revoke DHRB's RRF award is arbitrary and capricious for the following independent and cumulative reasons:

(a) The SBA Ignored Its Own Program Guide's Authorized Calculation Methodology. The Program Guide expressly permits applicants applying through SBA-designated POS Restaurant Partners to use POS data for 2020 gross receipts. Program Guide, p. 7. DHRB applied through Square, an SBA-designated POS Restaurant Partner. In contradiction of its own guidance, the SBA nevertheless demanded that only tax return figures be used, and declared that awards "are very simply calculated as follows: 2019 gross receipts from tax return – 2020 gross receipts from tax return – PPP loans received = Award Amount." This characterization is directly contradicted by the Program Guide, which provides multiple documentation options and expressly authorizes the use of POS data.

(b) The SBA Failed to Consider the Documented Tax Return Errors. DHRB provided detailed documentation establishing that the 2019 tax return underreported gross receipts by approximately $174,280 due to accounting errors, and that the POS-reported gross receipts of $1,165,019 accurately reflect DHRB's actual 2019 revenues. The SBA entirely failed to consider this important aspect of the problem, and offered no explanation for rejecting this evidence.

(c) The SBA Improperly Conflated the Revenues of Two Separate Legal Entities. The SBA's calculation used 2020 gross receipts of $878,444 derived from DHRB's 2020 tax return – a figure that includes revenues of DSRB, a separate entity with a separate EIN that did not apply for RRF funding and began operations after the affiliation determination date of March 13, 2020. The Program Guide defines an affiliate based on arrangements existing as of March 13, 2020. DSRB did not begin operations until April 2020. Accordingly, DSRB's revenues cannot be attributed to DHRB's RRF

award calculation. The SBA's conflation of the two entities' revenues is contrary to the Program Guide and is arbitrary and capricious.

(d) The SBA Failed to Apply the Multi-Location Calculation Methodology. The Program Guide provides that applicants operating multiple locations may calculate awards using separate methodologies and then aggregate them. Program Guide, p. 9. The SBA wholly disregarded this framework, which is the applicable framework for an applicant with two separate restaurant locations (DHRB and DSRB).

(e) The SBA Provided Inadequate and Contradictory Rationale. A basic requirement of administrative law is that an agency provide reasons for its decisions that are grounded in the record. The SBA's stated rationale – that awards are "very simply" calculated from tax return figures alone – is directly contradicted by the SBA's own Program Guide and constitutes the kind of unexplained departure from established policy that renders an agency determination arbitrary and capricious. Encino Motorcars, LLC v. Navarro, 579 U.S. 211, 221 (2016).

69. For each of the foregoing reasons, the SBA's determination to revoke DHRB's RRF award is arbitrary and capricious within the meaning of 5 U.S.C. § 706(2)(A) and must be set aside.

70. In the alternative, and at the very least, this matter should be remanded to the SBA to consider application of the Multi-Location Calculation Methodology.

## COUNT II

### AGENCY ABUSE OF DISCRETION (5 U.S.C. § 706(2)(A))

71. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

72. The SBA's revocation determination constitutes an abuse of discretion. The SBA possesses discretion in administering the RRF program, but that discretion must be exercised consistent with the Program Guide's own terms and the evidence in the record. An agency abuses its discretion when it exercises its authority in a manner that is irrational or contrary to its own governing policies.

73.     The SBA abused its discretion by: (i) refusing to apply the POS data methodology explicitly authorized by the Program Guide; (ii) ignoring unrebutted evidence establishing that DHRB's POS-reported gross receipts accurately reflect its actual revenues; (iii) improperly attributing DSRB's revenues to DHRB despite DSRB's post-March 13, 2020 commencement of operations; (iv) refusing even to consider the multi-entity, multi-location calculation methodology established in the Program Guide; and (v) refusing to reconsider its determination or to issue a formal final determination permitting DHRB to pursue an appeal.

74.     The SBA's declaration that its determination "stands and will not be reconsidered," without engaging with the substance of DHRB's documented arguments, evidences an abdication of the reasoned decision-making the law requires.

75.     For these reasons, the SBA's determination constitutes an abuse of discretion within the meaning of 5 U.S.C. § 706(2)(A) and must be set aside.

76.     In the alternative, and at the very least, this matter should be remanded to the SBA to consider application of the Multi-Location Calculation Methodology.

## COUNT III

### AGENCY ACTION CONTRARY TO LAW (5 U.S.C. § 706(2)(A), (B) and (C))

77.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

78.     The APA requires courts to hold unlawful and set aside agency action that is an "an abuse of discretion," "contrary to constitutional right, power, privilege, or immunity" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. §§ 706(2)(A), (B), (C).

79. The ARPA established that RRF awards should be calculated based on pandemic-related revenue losses using the methodology set forth in the statute and Program Guide. The SBA's substitution of a rigid, tax-return-only calculation formula – one that neither the ARPA nor the Program Guide requires or authorizes – exceeds the SBA's statutory authority and is contrary to law.

80. The SBA's determination to aggregate the revenues of DHRB and DSRB – two separate legal entities with separate EINs – in calculating DHRB's RRF award is contrary to the affiliate definition in the Program Guide and contrary to the statutory scheme of the ARPA.

81. Furthermore, the SBA's demand for repayment of the full $661,597 – an award that DHRB properly calculated, received, and fully expended on eligible expenses in good faith, in reliance on the SBA's own authorized methodology – is contrary to law and the principles of equitable relief that govern federal grant programs.

82. The SBA's action is contrary to law within the meaning of 5 U.S.C. § 706(2)(A) and (C) and must be set aside.

83. In the alternative, and at the very least, this matter should be remanded to the SBA to consider application of the Multi-Location Calculation Methodology.

**COUNT IV**

**AGENCY DETERMINATION UNSUPPORTED BY SUBSTANTIAL EVIDENCE
(5 U.S.C. § 706(2)(E))**

84. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

85. The APA requires courts to set aside agency action that is "unsupported by substantial evidence." 5 U.S.C. § 706(2)(E). Substantial evidence review requires that agency

decisions be supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

86. The SBA's revocation determination is not supported by substantial evidence.

87. The SBA's determination rests exclusively on raw tax return figures, without any accounting for the documented errors in those returns, the separate revenues of a non-applicant entity, or the analysis submitted by DHRB, in contravention of the Program Guide. No reasonable factfinder could conclude, on the basis of the record, that DHRB improperly received its RRF award.

88. For these reasons, the SBA's determination is unsupported by substantial evidence within the meaning of 5 U.S.C. § 706(2)(E) and must be set aside.

89. In the alternative, and at the very least, this matter should be remanded to the SBA to consider application of the Multi-Location Calculation Methodology.

## COUNT V

### UNTIMELY AUDIT DETERMINATION (5 U.S.C. § 706(2)(C), (D), and 2 C.F.R. §§ 200.334, 200.344, 200.345)

90. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 88 as if fully set forth herein.

91. The APA requires courts to set aside agency action that is "without observance of procedure required by law." 5 U.S.C. § 706(2)(E).

92. Federal law and regulations impose strict time limits on the SBA's authority to audit RRF awards and make recovery demands. The Uniform Guidance at 2 C.F.R. Part 200 – which governs federal grants and cooperative agreements, including RRF awards – establishes these limits.

93. 2 C.F.R. § 200.334 provides that federal recipients of grant awards must retain financial records, supporting documents, statistical records, and all other pertinent records for "three years from the date of submission of their final expenditure report." This three-year period reflects the outer boundary during which the federal government may conduct compliance reviews and audits.

94. 2 C.F.R. § 200.344 requires the federal agency to close out each award "no later than one year after the end of the period of performance."

95. 2 C.F.R. § 200.345 addresses audit requirements and the resolution of audit findings, providing that agencies must "notify the recipient or subrecipient within the record retention period" of any determination to "disallow costs."

96. DHRB submitted its final RRF Post Award Report (SBA Form 3173) no later than December 31, 2021. DHRB certified in its final Post Award Report that it had fully expended all RRF award funds on eligible expenses during the covered period.

97. Nearly four years elapsed after DHRB's final Post Award Report before the SBA issued its December 10, 2025 demand for return of funds. The SBA conducted no audit of DHRB's RRF expenditures within the three-year period contemplated by 2 C.F.R. § 200.334, and made no audit determination or finding within the applicable timeframes established by 2 C.F.R. §§ 200.344 and 200.345.

98. By failing to timely audit DHRB's RRF award and to timely close out the award within the periods established by federal regulation, the SBA has forfeited its authority to revoke or seek recovery of the award. The SBA's untimely revocation determination is in excess of its statutory and regulatory jurisdiction and must be set aside. See 5 U.S.C. § 706(2)(C).

99.     DHRB reasonably relied on the completion of the award period and the expiration of the audit window. Permitting the SBA to recover funds after the close of the regulatory period would be fundamentally unfair and contrary to the purposes of the regulatory time limitations.

100.    For these reasons, the SBA lacks jurisdiction to revoke or recover DHRB's RRF award, and its determination is both in excess of agency jurisdiction within the meaning of 5 U.S.C. § 706(2)(C) and without observance of procedure required by law as set forth in 5 U.S.C. § 706(2)(D).

## COUNT VI

### EQUITABLE ESTOPPEL AND DETRIMENTAL RELIANCE

101.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 99 as if fully set forth herein.

102.    The doctrine of equitable estoppel may apply against the government where the government has engaged in affirmative misconduct and the plaintiff has reasonably and detrimentally relied on the government's representations. Heckler v. Community Health Servs. of Crawford County, Inc., 467 U.S. 51, 59 (1984).

103.    The SBA approved DHRB's RRF application and disbursed $661,597 to DHRB after reviewing the application and documentation submitted through its designated POS partner, Square. By approving the application and disbursing the award, the SBA represented to DHRB that the award had been properly calculated and that DHRB was entitled to receive and use the funds.

104.    In reasonable reliance on the SBA's approval and disbursement of the award, DHRB fully expended the $661,597 on eligible expenses – payroll, rent, utilities, food and beverage, and other authorized categories – all within the covered period ending March 11, 2023.

105. DHRB would suffer severe and irreparable harm if required to repay $661,597 – the full amount of the award – for funds that were properly calculated, received in good faith, and used entirely for the purposes Congress intended when enacting the RRF program.

106. The SBA's belated revocation of the award – more than four years after the award was disbursed and after DHRB fully spent the funds in compliance with the program – constitutes the kind of governmental conduct that, under the circumstances, equity and good conscience requires be estopped.

107. The SBA's decision is devoid of substantial justification, entitling DHRB to an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Daigo Hand Roll Bar, LLC d/b/a Daigo Hand Roll Bar respectfully requests that this Court:

1. Declare unlawful and set aside the SBA's determination, memorialized in the December 10, 2025 letter and subsequent correspondence, to revoke DHRB's RRF award and demand repayment of $661,597;

2. Declare that DHRB's RRF award of $661,597 was properly calculated pursuant to the SBA's Program Guide and applicable law, and that DHRB is not required to repay any portion of the award;

3. In the alternative, remand this matter to the SBA to consider application of the Multi-Location Calculation Methodology.

4. Declare that the SBA lacks jurisdiction to revoke or recover DHRB's RRF award by reason of its failure to conduct an audit or issue a final audit determination within three years of DHRB's submission of its final RRF Post Award Report, in contravention of 2 C.F.R. §§ 200.334, 200.344, and 200.345;

5. Preliminary and permanently enjoin Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them from taking any action to collect, enforce, or recover any portion of DHRB's RRF award, including but not limited to referral to the United States Department of the Treasury's Debt Management Services, referral to the Department of Justice, reporting DHRB's debt to credit bureaus, or offsetting any federal payments due to DHRB;

6. Preliminary and permanently enjoin Defendants from assessing any interest, penalties, or additional administrative fees on the purported debt arising from DHRB's RRF award;

7. Award Plaintiff its costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable statute or authority; and

9. Grant such other and further relief as the Court deems just and proper.


Dated: May 29, 2026


*/s/Franklin Barbosa, Jr.*
Franklin Barbosa, Jr., Esq.
**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
Florham Park, NJ 07932
(973) 539-1000
E-mail: fb@spsk.com
*Attorneys for Plaintiff DHRB, LLC d/b/a Daigo Hand Roll Bar*